LAMAR, Justice,
dissenting:
¶ 21. This case presents a situation in which a medical expert could not definitely testify that a fall was the cause of two meniscus tears to the plaintiffs left knee. However, I do not agree with the majority that such testimony is crucial to the plaintiff surviving a motion for directed verdict. This is not a case of medical malpractice but a slip and fall. And I believe the plaintiff presented sufficient circumstantial evidence for the jury to determine whether the meniscus tears were the result of the fall versus normal wear and tear.
¶ 22. Negligence and causation may be established by circumstantial evidence, and this rule is qualified to the extent that the circumstances shown must be such as to take the case out of the realm of conjecture and place it within the field of legitimate inference.”[24] This Court has ruled that the jury must determine whether circumstantial evidence meets the probability test, and “only in rare and exceptional cases” should the court take such a case from the jury.[25]
¶ 23. I first note that “the evidence is uncontradicted that Martin landed on both of her knees and that they immediately began to swell, necessitating utilization of ice packs, an overnight stay in the hospital, and pain medication.”[26] It was also undisputed that an MRI taken after the fall showed an ACL strain and bone bruise to the left knee. While the plaintiff admittedly suffered from arthritis in her left *51 knee prior to the fall, she testified that, after the fall, her left knee was “swollen all the time” would “buckle and pop” and was generally unstable. When the swelling and pain failed to subside, Martin sought medical help because she “knew that this situation was not — it was not going to heal on its own.... I didn’t know what was going on ... maybe [it] was my arthritis acting up .... [but] Dr. Meador was thinking it was more than the — -just arthritis.” (Emphasis added.) And within two months of the fall, she underwent arthroscopic surgery, the best option available to address the recurring swelling, buckling, and popping of her left knee. During that surgery, Dr. Gandy discovered two meniscus tears.
¶ 24. In reviewing all the above-noted evidence in the light most favorable to the plaintiff, I believe she presented sufficient evidence for a jury to determine causation. Even assuming the majority is correct about evidence relative to the meniscus tears, Martin sustained other injuries to her left as well as right knee. I fail to see how expert testimony is necessary for the jury to determine causation with respect to the immediate swelling, the ACL strain, and bone bruise, all of which immediately resulted from the fall. I further disagree that Martin cannot collect at least those damages associated with her immediate care, including the overnight stay, any medication, and pain and suffering. Therefore, I fail to see how the entire case should end and respectfully dissent.
DICKINSON, P.J., AND KITCHENS, J., JOIN THIS OPINION.

. Tombigbee Elec. Power Ass'n v. Gandy, 216 Miss. 444, 454, 62 So.2d 567 (1953).

. Mississippi Valley Gas Co. v. Estate of Walker, 725 So.2d 139, 145-46 (Miss. 1998) (emphasis added) (quoting BFGoodrich Inc. v. Taylor, 509 So.2d 895, 904 (Miss. 1987)), overruled on other grounds by Adams v. U.S. Homecrafters, Inc., 744 So.2d 736 (Miss. 1999).

. Martin v. St. Dominic-Jackson Mem’l Hosp., 90 So.3d 70 (Miss.Ct.App.2011).